UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MURAD BILAL | : | **Civil Action** |
| | : | |
| Plaintiff | : | **Case No.:** |
| | : | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA and FAIRFIELD UNIVERSITY LONG TERM DISABILITY PLAN | : | |
| | : | **NOVEMBER 18, 2019** |
| Defendant | : | |

## COMPLAINT

Plaintiff, Murad Bilal, for his Complaint against Defendants, Life Insurance Company of North America ("Cigna") and Fairfield University Long Term Disability Plan (the "Plan"), states as follows:

1. Mr. Bilal is an individual who, at times relevant to this Complaint, resided in Connecticut and who is or was a participant in the Plan, sponsored by his former employer, Fairfield University ("Fairfield University").

2. The Plan is an employee welfare benefit plan with an office in the County of Fairfield, State of Connecticut.

3. Life Insurance Company of North America is a stock insurance company with its principal place of business in the City of Philadelphia, State of Pennsylvania ("Cigna").

4. The Plan is funded, in part, through insurance policy number LK-964391. Cigna sold to Fairfield University (the "Policy").

1

5.Cigna acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Policy, and pays for all benefits paid pursuant to the Policy.

6.Mr. Bilal brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over Cigna pursuant to ERISA 502(e)(2), 29 U.S.C. 1132(e)(2). Venue is proper in this district as Cigna does business in the State, and plaintiff resides in the State of Connecticut.

**Claim for Relief**

7.The Policy provides that Cigna will provide long-term disability benefits to participants who are considered disabled under the Policy. Under the Policy, a participant is considered disabled if, solely because of Injury or Sickness, he or she is unable to perform the material duties of his or her Regular Occupation, and is unable to earn 80% or more of his or her pre-disability earnings.

8.Prior to his total disability, Mr. Bilal served as a Lead Programmer/Analyst for Fairfield University, a position which required extensive computer work.  The position description states that the position requires "exceptional analytical and problem-solving skills. Ability to consistently produce exceptional quality work, multitask project assignments, and adapt to new technologies" and maintaining "effective work relationships and proficiently and courteously uses communication skills with co-workers, customers, vendors, and supervisors."

9.Beginning in about September 2015, Mr. Bilal began to experience severe tinnitus. By March 2017, he was experiencing constant tinnitus, causing imbalance and depression.  By September of that year, the tinnitus was continuous, including loud banging while he tried to sleep.

His doctor objectively confirmed dysfunction of his balance system as a result of central nervous system dysfunction.  He has lost all hearing in his right ear.

10.	While he was in process of coping with his increasingly severe tinnitus, he had to deal with his wife slowly dying from cancer.  His wife had had a cancerous tumor removed in 2014, but the cancer recurred in early 2016, and progressed rapidly.  By November 2016 she had stopped working.  By August 2017, she was incontinent.  In September 2017, she suffered a massive pulmonary embolism.  Even though he was not working at this time due to tinnitus, he was severely disabled by depression, sometimes being unable to leave the house.

11.	As of April 28, 2017, Mr. Bilal became disabled under the Policy and has remained continuously disabled since.

12.	Mr. Bilal applied and was approved by Cigna for short-term disability benefits through the entirety of coverage under the Plan.

13.	Mr. Bilal then filed a claim for long-term disability benefits pursuant to the Policy that was acknowledged by Cigna on October 6, 2017.

14.	On November 30, 2017, Cigna informed Mr. Bilal by letter that it was denying his claim for long-term disability benefits.  The denial letter did not set forth what specific information Mr. Bilal could submit in an appeal to support his disability.

15.	On February 9, 2018, Mr. Bilal appealed the denial on his own.

16.	On May 25, 2018, Cigna denied Mr. Bilal's appeal.  The denial letter did not set forth what specific information Mr. Bilal could submit in an appeal to support his disability.

17.	On October 30, 2018, Mr. Bilal, through his undersigned counsel, requested an extension of the period to file an appeal of the denial to December 24, 2018, as Cigna had yet to produce a complete copy of the claim file, despite repeated requests for the same.

18. Cigna produced the entire claim file on December 6, 2019, stating it would give a reasonable extension to the appeal period, and asked Mr. Bilal to let it know when he intended to submit the appeal.

19. On January 21, 2019, Mr. Bilal informed Cigna he intended to file his appeal by January 31, 2019.

20. On January 25, 2019, Mr. Bilal, through undersigned counsel, filed an appeal of the May 25, 2018 denial. The appeal letter stated that the appeal letter and attachments were his final submissions and that Cigna could begin consideration of the appeal immediately.

21. Among other things, the appeal was supported by an independent medical exam conducted by an otolaryngologist opining that Mr. Bilal was disabled from his occupation by severe tinnitus due to profound hearing loss in his right ear, and constant tinnitus in his left ear, which was hypersensitive due to the profound hearing loss in the right ear.

22. The appeal was also supported by statements and medical records from Mr. Bilal's psychotherapist establishing that Mr. Bilal met all the diagnostic criteria for Major Depressive Disorder, and that he was disabled from performing his job due to poor ability to concentrate and severe social isolation.

23. The appeal was received by Cigna on January 29, 2019, as shown by the time stamp in the claim file, thereby commencing, in accordance with 29 CFR 2560.503-1(g), the 45-day period for consideration of the request for review established by subsection (i)(3) of such section.

24. On February 20, 2019, almost one month after the appeal letter stating his submission was complete, Cigna sent a letter to Mr. Bilal's counsel asking if his appeal submission was complete, and stating that the 45-day period for consideration of the appeal would begin when Mr. Bilal responded to the letter.

25. On February 25, 2019, Mr. Bilal's counsel sent a letter to Cigna objecting to the 45-day period for consideration of the appeal running from a response to the February 20, 2019 letter, as Mr. Bilal had explicitly stated in his January 25, 2019 appeal letter that the submission was complete and Cigna could begin its consideration. Mr. Bilal objected to Cigna unilaterally trying to extend the consideration period provided by 29 CFR §2560.503-1(i) by another 30 days by ignoring his statement in his original appeal that it was complete.

26. On March 15, 2019, the 45-day period for consideration of the appeal pursuant to 29 CFR 2560.503-1(i)(3) expired without Cigna requesting an extension.

27. On March 20, 2019, Cigna requested a 45-day extension in the period for consideration of the appeal, even though it did not request the extension prior to the expiration of the original 45-day period as required by the applicable regulations.

28. In a telephone call with undersigned counsel, Cigna asks if Mr. Bilal would consent to an independent medical exam or "IME", and requested a 60-day extension to allow scheduling of the IME and consideration of the report in deciding the appeal.

29. Mr. Bilal's counsel responded to the request in a letter dated March 20, 2019 stating that, notwithstanding Cigna's failure to timely request for the additional 45-day period, Mr. Bilal would make himself available for an IME if Cigna scheduled the IME by April 29, 2019, which would have been the conclusion of the 90-days period for consideration of the appeal following its receipt of the appeal that would have been available if Cigna had made a timely request for an extension.

30. On April 12, 2019, Cigna informed Mr. Bilal that it had scheduled an IME with an otolaryngologist on May 2, 2019. The IME was scheduled for Port Jefferson, Long Island, New York.

31. On April 18, 2019, Mr. Bilal's counsel informed Cigna that while it would consent to an IME that was scheduled in a way that would allow consideration of the appeal and reaching a decision, he would not agree to an IME was wasn't even scheduled until the consideration period for the appeal had expired. Mr. Bilal further stated that the IME was not scheduled for a reasonable location, as it was a two-hour drive over congested roads, or a 1.5-hour ferry trip costing $116.00. Lastly, Mr. Bilal discussed the severe impairments he suffers from hearing tests.

32. Cigna had no further contact with Mr. Bilal until it denied his claim on July 3, 2019.

33. The denial was wrong, and arbitrary and capricious, because it ignored the evidence that Mr. Bilal was disabled from performing his job due to the combined effects of tinnitus and major depression.

34. Mr. Bilal exhausted his administrative remedies under the Policy and Plan.

35. Mr. Bilal continues to be disabled from his own occupation and any occupation due to the effects of tinnitus.

36. Mr. Bilal is entitled to have his claim review under a *de novo* standard of review due to Cigna's failure to comply with the claim processing timelines set forth in the regulations.

37. As a result of the foregoing, Mr. Bilal has suffered a loss in the form of unpaid benefits, among other things.

38. Mr. Bilal is entitled to a judgment against Cigna in the amount of the unpaid benefits under the Policy including, *inter alia*, long-term disability benefits as well as an order directing Cigna to pay Mr. Bilal future benefits.

39. Mr. Bilal is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Murad Bilal, requests the Court grant him the following relief from Defendant Life Insurance Company of North America:

    a.    A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

    b.    A judgment ordering Cigna to continue to pay Mr. Bilal long-term disability benefits for as long as he remains totally disabled under the Plan/Policy;

    c.    A judgment ordering Cigna to repay Mr. Bilal his costs and attorney's fees, under ERISA 502(g); and

    d.    All other relief to which he is entitled, including de novo review of the decision to deny the claim.

Dated: November 18, 2019

PLAINTIFF
MURAD BILAL

   /s/ David S. Rintoul
David S. Rintoul, Esq.
Zeldes, Needle & Cooper, PC
1000 Lafayette Blvd, Suite 700
Bridgeport, CT 06604
Email: drintoul@znclaw.com
Direct: (203) 332-5782
Fax: (203) 333-1489